(Hamilton Co., Common Pleas Court.)
February, 1897.

IN RE JOHN C. F. SCHUMACHER.

---

An appeal lies from a refusal by the court of insolvency to administer upon property declared to have been conveyed in fraud of creditors.

Where the superior court (whose decree in this case has been affirmed by the circuit court) fails to find that no notice of the pendency of the suit or notice to other creditors was given, and does not order that its judgment (that the conveyance was in fraud of creditors) be certified to the court of insolvency to administer the trust the for the benefit of all the creditors, there is error which was jurisdictional and which cannot be overlooked or the defect supplied in the present appeal.

---

BUCHWALTER, J.

(1). The motion to dismiss the appeal from the judgment of the insolvency court refusing to appoint a trustee, and refusing to administer the trust as to certain property declared to have been conveyed by Schumacher to defraud his creditors, is founded upon the claim that no appeal has been provided by statute for such refusal of the insolvency court.

The only statutory provision is in section 6407, R. S, granting an appeal from the order or decision of the probate (insolvency) court in the administration of insolvents' estates, by assignees, trustees or commissioners. While there is room for doubt, I find that such judgment of refusal to administer the trust and appoint a trustee does fall within the above statutory provision, and that an appeal lies from such judgment to this court. It is not a mere question of the particular person to be appointed, as in Briegel v. Starbuck, 34 Ohio St., 280, but is definitive or final in character affecting the rights of the parties in a controlling manner, and it is a refusal to administer the trust for the benefit of the creditors. Nor can I by analogy put this case within the reason and rule of Barr v. Chapman, 30 Bull., 264, 2 C. C., 387.

The motion is overruled.

(2). The question submitted on its merits (the same as determined by the insolvency court) is novel and full of difficulties. Errors of judgment in prior proceedings make it so.

The members of the firm of Agger & Sonning began proceedings in 1886 against Schumacher and his wife before the superior court to set aside a deed from the one to the other as made to defraud creditors. They did not give notice to other creditors of their suit, but proceeded to trial. The court, November term, 1893, declared the deed to be fraudulent as to these creditors, and found plaintiffs to be creditors (not the sole creditors) for about $4,000, and did not then order its judgment to be certified to the probate court for the appointment of a trustee and to administer the trust for the benefit of all creditors, but gave a decree as in marshalling liens providing for the sale of the property if plaintiffs' claim was not paid. On the issues as between plaintiffs and defendant in that case, proceedings in error were prosecuted to the circuit court where the judgment was affirmed instead of being reversed or modified, as was done in Loudenbach v. Foster, 39 Ohio St., 203. No error proceedings

were prosecuted against that affirmance. Therefore the defendant settled with plaintiffs, and obtained from them an entry of satisfaction.

I am of opinion that so much of the decree as found the deed to be fraudulent as to creditors is yet in full force and effect, and not satisfied (except pro tanto) as to Schumacher's creditors; but I am of opinion that so much of the decree as ordered sale of the land to satisfy Agger & Sonning's claim, though erroneous, was a substantial part thereof, and that a substantial and jurisdictional finding and order was omitted, to-wit, to find that no notice of the pendency of the suit, or notice to the other creditors was given, and the order that a copy of this judgment be certified to the probate court for its procedure to administer the trust for the benefit of creditors. This error, while manifest, cannot be overlooked or corrected or the defect supplied by the probate (insolvency) court, or by this court on appeal. This omission of said finding and order of the superior court decree being jurisdictional for the probate (insolvency) court proceedings, is not supplied by the other creditors obtaining a certified copy thereof and producing it to the insolvency court.

Whatever may be the remedy of these petitioning creditors under the superior court decree must, it appears to me, be worked out in some other proceedings than this. Therefore my judgment is against the application now pending in this court on appeal.

Oliver B. Jones and Joseph W O'Hara, Attorneys for Creditors.

Drausin Wulsin, Lawrence Maxwell, Attorneys for Agger & Sonning.

Joshua M. Dawson, Attorney for Schumacher.